# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY LEE HELLING,

    Plaintiff,

-vs-                                    Case No. 16-CV-55

JAMES JOHNSON, CAPTAIN J. SAUER,
SGT. J. THOMAS, DEPUTY TRACY,
DEPUTY NILSESTUEN, and DEPUTY CARMEN,

    Defendants.

## SCREENING ORDER

The *pro se* plaintiff, Cory Lee Helling, is confined at the Ozaukee County Jail. He filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $1.66.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

- 2 -

Case 2:16-cv-00055-RTR    Filed 03/09/16    Page 2 of 9    Document 10

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

U.S. 97, 106 (1976)).

According to the complaint, the plaintiff is a Muslim confined at the Ozaukee County Jail. He alleges that the defendants discriminate against Muslims because the plaintiff has to go to a temporary holding cell to read his holy book, the Quran. At the same time, the plaintiff alleges that Christian inmates can read the Bible in the comfort of their own cells. The plaintiff alleges that the defendants will not allow him to read the Quran in his cell because the Jail only has hardcover Qurans, and hardcover books are not permitted in cells for security reasons. He asserts that he suffered "emotional[] and mental[] agony to not only have to go to a dirty holding cell every time I want to study my way of life and to be put on display for there [sic] amusement." (Dkt. No. 1 at 8.)

The plaintiff attached to his complaint an Ozaukee County Jail Grievance Response which includes the following comments in response to a grievance the plaintiff filed about the Quran:

> *As a prisoner/inmate of the Ozaukee County Jail you are allowed the same basic rights of those not incarcerated although the institution may find it necessary to infringe upon those rights for the safe and efficient operation of the facility. If an institution regulation infringes upon a prisoner's constitutional right, the regulation is valid if it is reasonably related to legitimate penological interests. Case law suggests that the security and order of the correctional institution was consistently held to be a compelling governmental interest and allowing access to a hard covered Quran in the Holding area of the Jail is the least restrictive means approach. At this point I feel your

- 4 -

> religious practice has not been substantially burdened. We have always allowed access to a hard covered Quran in the holding area and whenever it is requested, as long as space is available, you may use this accommodation. I will speak of the Officer in charge of religious materials in regards to the possibility of obtaining soft covered Qurans but until they are received (if at all) the use of Holding cell is your only option.

(Dkt. No. 1-3 at 4.) The plaintiff seeks injunctive relief and monetary damages.

Prisons and jails must permit inmates a reasonable opportunity to exercise religious freedom. *Maddox v. Love*, 655 F.3d 709, 719 (7th Cir. 2011) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). Prison regulations or practices that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective, such as security and economic concerns. *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)). In proving inmates the opportunity to practices their religion, the efforts of jail administrators, when assessed in their totality, must be evenhanded. *Id.* (quoting *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991)). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations. Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another." *Id.* at 720 (quoting *Al-Alamin*, 926 F.2d at 686).

- 5 -

The plaintiff's allegations that while confined at the Ozaukee County Jail, he was not permitted to read his holy book, the Quran, in his cell but rather had to go to a "dirty" holding cell, if available, while other inmates could read their Bibles at any time in the comfort of their own cells, implicate his rights under the First Amendment. It appears that the defendants have a security justification for not permitting the plaintiff to read Quran in his cell, because they only have hardcover Qurans, and hardcover books are not permitted in cells. Whether this security justification is valid remains to be seen. It would be premature to make that determination at the screening stage. *See Maddox*, 655 F.3d at 720 (whether defendants were justified in cancelling African Hebrew Israelite services because of budgetary restrictions could not be determined at screening stage); *see also Ortiz v. Downey*, 561 F.3d 664, 669-70 (7th Cir. 2009) (holding that the district court's determination at the pleading stage that the prison had a legitimate penological reason to deny detainee religious articles of rosary and prayer booklet was premature); *Alston v. DeBruyn*, 13 F.3d 1036, 1040 (7th Cir. 1994) (holding dismissal improper where the district court assumed that the defendants were justified in restricting the inmate's religious freedom because he was in administrative segregation).

At this stage of the proceedings, the plaintiff may proceed on a First Amendment free exercise of religion claim.

Additional Matter

On January 25, 2016, the plaintiff filed a letter in which he seeks to add three individuals as defendants. The plaintiff is advised that if he wants to add defendants, he must file a motion to amend the complaint along with a proposed amended complaint. The Local Rules provide in relevant part:

(a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

(b) A motion to amend a pleading must state specifically hat changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15 (E.D. Wis.). If the plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to add parties (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such

service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff submit the balance of the filing fee ($348.34) to the Clerk of Court.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The

plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**